IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL NO. 5:23-CV-00057

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| APPROXIMATELY $140,000.00 IN U.S. CURRENCY seized from Dante Rashaun Ramseur on or about May 23, 2022, in Catawba County, North Carolina, | ) ) ) ) ) |
| Defendant. | ) ) |

## ORDER OF DEFAULT JUDGMENT

This matter is before the Court on the Government's Motion for Default Judgment of Forfeiture. Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the approximately $140,000.00 in U.S. Currency ("Defendant Currency") seized from Dante Rashaun Ramseur as identified in the Complaint.

## FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2011); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint, Doc. 1, are deemed admitted as true. The following is a recitation of the relevant, admitted facts:

1

During the relevant time period, Mr. Ramseur was a distributor of cocaine in Hickory, North Carolina. Doc. 1 ¶ 7. Mr. Ramseur has a prior criminal history, including prior convictions for voluntary manslaughter and felony possession of cocaine. *Id*. ¶ 8. On August 26, 2021, during a traffic stop, investigators with the Catawba County Sheriff's Office seized $34,000 in U.S. Currency and a cellular telephone from Mr. Ramseur. *Id*. ¶ 9. Mr. Ramseur did not file an administrative claim with the Drug Enforcement Administration ("DEA") challenging the seizure of the $34,000 in U.S. Currency, and the currency was administratively forfeited. *Id*. ¶ 10.

On March 15, 2022, investigators with the Catawba County Sheriff's Office identified a vehicle belonging to Harold Lee Jackson at Mr. Ramseur's residence. *Id*. ¶ 11. Mr. Jackson is a known convicted drug trafficker from Iredell County. *Id.* While conducting surveillance, investigators saw Mr. Jackson meet with Mr. Ramseur and retrieve a box from Mr. Ramseur's garage. *Id*. After Mr. Jackson departed from Mr. Ramseur's residence, investigators followed and stopped his vehicle. *Id.* ¶ 12. Investigators deployed a trained and certified narcotics K-9, which positively alerted to the vehicle. *Id.* During a search of the vehicle, officers located approximately a half kilogram of powdered cocaine vacuum sealed in the same box that Mr. Jackson had removed from Mr. Ramseur's garage. *Id*.

That same day, investigators obtained and executed a search warrant for Mr. Ramseur's residence. During the search of his residence, officers located a small quantity of marijuana, $3,000.00 in cash, two firearms, and a vacuum sealer in the kitchen that tested positive for cocaine. *Id*. ¶ 13. Investigators continued to conduct surveillance on Mr. Ramseur. His vehicle was seen at residences known to be used to facilitate drug trafficking. *Id*. ¶ 14.

On May 23, 2022, investigators with the Catawba County Sheriff's Office conducted a traffic stop on a 2015 GMC Yukon Denali for speeding and window tint violations. Mr. Ramseur was operating the vehicle and Crystal Carroll Ramseur was the passenger. *Id*. ¶ 15. During the traffic stop, a trained and certified narcotics K-9 positively alerted to the presence of the odor of narcotics at both the back left passenger door and the left side of the trunk/hatch door. *Id*. ¶ 16. During a search of the vehicle, officers located a black metal container in an open cavity under the back left cup holder in the third row seats. *Id.* ¶ 17. The Defendant Currency was located in the black metal container. *Id.* Additionally, officers located a Nokia flip phone in the middle floorboard of the second row seats, and two iPhones in the center console under the vehicle radio. *Id*.

Investigators seized the black metal container containing the Defendant Currency and transported it to the Catawba County Sheriff's Office. That same day, another trained and certified narcotics K-9 was deployed and positively alerted to the presence of narcotics on the container in which the Defendant Currency was stored. *Id*. ¶ 18. The Defendant Currency was organized in fourteen banded stacks, consisting mostly of $100 bills. *Id*. ¶ 19.

## PROCEDURAL BACKGROUND

On May 4, 2023, the Government filed a Verified Complaint for Forfeiture *In Rem*, alleging that the Defendant Currency seized from Mr. Ramseur is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Doc. 1. On May 4, 2023, the Clerk issued a Warrant of Arrest *In Rem* for the Defendant Currency. Doc. 2.

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on

May 9, 2023, the Government mailed notice and a copy of the Complaint to Mr. Ramseur, Mrs. Ramseur, and attorney Noell P. Tin.  Doc. 4.  Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on May 9, 2023.  *Id.*

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4).  During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency.

On July 24, 2023, the Clerk entered an Entry of Default.  Doc. 6.

## DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture.  18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Fed. R. Civ. P. Supp. R. G(2)(f).  The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*  *See* 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to civil forfeiture under 21 U.S.C. § 881(a)(6).  Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential

claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency.

Accordingly, after careful review, the Court finds that the Government has established that default judgment is appropriate.

## JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currency identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**SO ORDERED**.

Signed: September 11, 2023

Kenneth D. Bell
United States District Judge